# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| SAMUEL K. ROBINSON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>TENNESSEE DEPARTMENT OF  )<br>CORRECTIONS, et al.,  )<br>)<br>Defendants.  ) | No. 1:10-CV-00017<br>Judge Trauger |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a prisoner in the South Central Correctional Facility in Clifton, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: (1) the Tennessee Department of Corrections "(TDOC)"; (2) Candace Wiseman, who is the Director of TDOC Sentence Computation; (3) unnamed TDOC Sentence Computation personnel; (4) Sgt. Deloris Beasley, who is the Grievance Chairperson at the Charles Bass Correctional Complex; and (5) Sgt. Shelia Howard, who is the Alternate Grievance Chairperson at the Charles Bass Correctional Complex. The plaintiff alleges that acts attributable to the defendants violated his rights under the First Amendment to the United States Constitution, the Due Process clause, the Equal Protection clause, and under 42 U.S.C. § 1983.

The plaintiff's allegations concern the calculation of certain sentence credits and attack the validity of his continued incarceration. He claims that, as a result of his African-American race, the defendants intentionally and maliciously failed to apply certain pre-trial, "street," good behavior, and "bonus" credits to his sentence, thereby resulting in his excessive and unlawful period of incarceration. He further claims that defendants Beasley and Howard intentionally and maliciously

1

thwarted his attempts to address his sentencing calculation concerns through the appropriate grievance procedure.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The plaintiff's demand for relief asks the Court to issue an injunction enjoining defendant TDOC "from retaining Plaintiff's person" as well as to award compensatory and punitive damages. A decision favorable to the plaintiff in this case would result in his release from state custody. A claim brought under 42 U.S.C. § 1983 is not the proper mechanism for obtaining such relief. The plaintiff's demand to be released from custody is cognizable only in a petition for *habeas corpus* relief.

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or

2

confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Given that the plaintiff has not demonstrated that his conviction has been favorably terminated and at least one of the plaintiff's demands for relief requires his release from custody, under *Heck*, 512 U.S. 477, 486-87, this case should not have been brought under 42 U.S.C. § 1983. As such, the Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted.[1]

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge

---

[1] Title 28 U.S.C. § 2241 generally is used to challenge the execution of a sentence, or the manner in which a sentence is being executed. *Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 897 (6th Cir. 2006). Claims cognizable under § 2241 pertain to claims such as the computation of parole or sentencing credits. *Cohen v. United States*, 593 F.2d 766, 770-771 (6th Cir. 1979). The exhaustion requirement pertains to claims brought under § 2241. *See Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 235-236 (6th Cir. 2006). Because the plaintiff's complaint contains no allegations regarding exhaustion, the Court is unable to liberally construe the plaintiff's complaint as an action under 28 U.S.C. § 2241. Further, it is unclear from the allegations in the complaint whether a § 2241 claim would fall outside the governing one-year statute of limitations for § 2241 claims. *See Dillon v. Hutchinson*, No. 01-6271, 2003 WL 22746085, *2 (6th Cir. Nov. 19, 2003)("A one-year statute of limitations governs petitions for habeas corpus filed . . . under 28 U.S.C. § 2241.").

3